ANSLAM GRAHAM, guardian, plaintiff in error, *vs.* A. CLARK, defendant in error.

To sustain a plea under the Relief Act of 1868, it must appear that the loss which the defendant claims, as an equitable ground for reducing the plaintiff's claim, was in some way the fault of the plaintiff.

Relief Act. Before Judge PARROTT. Catoosa Superior Court. August Term, 1869.

In February, 1867, Graham, as guardian, recovered a judgment against Clark for $3,332 35 principal and $1,427 44 interest, upon notes given in 1860. In August, 1869, Clark sought to reduce this judgment, under the Relief Act of 1868. On the trial, Clark testified that when he gave said notes he owned forty-three slaves, worth $500 00 each, and some land and stock; that he had lost said slaves by emancipation; that he sold his lands for Confederate currency, and thus lost $10,000 00, and that he was now worth but about $8,000 00; that he owned yet four thousand four hundred acres of land in Telfair county, for which he would take $1 00 per acre, and eight hundred and sixty acres of land in Catoosa county,

Graham *vs.* Clark.

worth $3,000 00. He further testified that Graham "had nothing to do with the loss of his property;" its loss was the result of the war.

The Court charged the jury that Clark had a right to open the judgment and submit the issue whether it ought to be scaled under the Relief Act to a jury, that he had a right to show what property he had when he made the notes, upon the faith of which property the credit was given, and that if the jury found that Clark, |without his own default, had lost any part of said property by the results of the war, they were authorised and had the power to reduce the debt according to their opinion of the testimony and the equities of the case, and to render such verdict as to them appeared just and equitable.

He was requested to charge that the loss of property by Clark, without Graham, or his wards, being connected with the loss, or chargeable therewith, was no reason for reducing said judgment and raised no equities between the parties. He refused so to charge. The jury took off all the interest from said judgment, thereby reducing the same $1,600 00. Graham's counsel assign the said charge and refusal to charge, as error.

A. T. HACKETT, J. A. W. JOHNSON, for plaintiff in error, cited 39th Ga. R., 524.

DODSON & PAYNE, for defendant, relied on the Relief Act of 1868.

McCAY, J.

This case is the same in principle with the cases of *Butler & Weathers* and *Flipper & Read,* etc., 39th Ga., 524, and must be controlled by them.

The defendant below himself says that the plaintiff was not in any way connected with his losses by the war. And there is no natural or legal equity why, if that be so, the plaintiff should abate his claim on him. That would perhaps be *mercy,* but it would not be equity.

It is, in our judgment, an improper construction of the Act of 1868, known as the Relief law, to understand it as declaring that the simple loss of property by the war begets such an equity in the defendant as to allow the jury to consider that fact as an element in finding what he is indebted to the plaintiff.

The Act, it is true, allows evidence to be given of the loss, but it is added, "and *by whose default.*"

To make such an equity as the statute contemplates, it must be shown that the plaintiff was in some way the cause of the loss, that it was by *his default.*

The statute does not and could not, from the nature of the case, define what specific default of the plaintiff was alluded to. Each case must stand upon its own facts. But it must appear that the plaintiff was in default, that the loss was produced by some act of his, or by some failure of his to do and perform some duty which he was bound to perform.

Judgment reversed.